IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 7:98CR121 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JOSE LARA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion of defendant Jose Lara for relief from judgment, Filing No. 417. The defendant challenges his sentence in reliance on the line of cases beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), followed by *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and concluding most recently with *United States v. Booker*, 125 S. Ct. 738 (2005). Under Fed. R. Civ. P. 60(b), a motion to correct sentence must be brought within either one year of the date the judgment becomes final, or, in certain circumstances, within a reasonable time. Fed. R. Civ. P. 60 (b). The court first finds that a Rule 60 motion is not timely. However, the court will construe defendant's motion as a Petition (under 28 U.S.C. § 2255) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

The *Booker* line of cases stands for the proposition that any fact, other than a previous conviction, which increases the penalty for a crime beyond the lowest statutory maximum must be alleged in the indictment or other charging document, submitted to a jury, and proved beyond a reasonable doubt. *Booker*, 125 U.S. at 756. Under *Booker*, the United States Sentencing Guidelines are advisory as opposed to mandatory. *Id.* at 765. *Booker*'s holding applies to all cases pending on direct appeal. *Id.* at 769.

Defendant Lara's sentence is final; all direct appeals have either been exhausted or the time for appeal has expired, and any challenge to the judgment or sentence at this point is a collateral attack. "[A]s all circuit courts considering the issue to date have held, we conclude the "new rule" announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005). Consequently, the defendant's collateral attack on his sentence and conviction based on the principles expressed in *Booker*, *Blakely* and/or *Apprendi* must be denied. Accordingly,

IT IS ORDERED that the defendant's motion for relief from judgment, construed as a § 2255 petition (Filing No. 314) is denied.

DATED this 22nd day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON